# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49052-8-II |
| Respondent, | |
| v. | |
| TRELANE HUGH HUNTER, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Trelane H. Hunter appeals his conviction for driving while under the influence.  Hunter argues that the arresting officer testified to an improper opinion on his guilt which violated his right to a fair jury trial.  The officer's testimony was not an improper opinion on guilt.  Accordingly, we affirm.

## FACTS

On February 11, 2016, the State charged Hunter with driving while under the influence.[1] The arresting officer, Matthew Hoover of the City of Vancouver Police Department, testified at Hunter's jury trial.

Officer Hoover testified that, on February 9, 2016, he was on patrol and observed Hunter's car moving very slowly toward the stop line of a highway exit ramp.  Hunter's car caught Officer

---

[1] RCW 46.61.502(1)(c).  The State also charged Hunter with assault in the third degree and possession of a controlled substance — methamphetamine.  A jury found Hunter guilty of possession of a controlled substance — methamphetamine.  However, Hunter does not appeal his conviction for possession of a controlled substance — methamphetamine.  The jury found Hunter not guilty of assault in the third degree.

Hoover's attention because there were no other vehicles that would require Hunter's car to slow down. Officer Hoover pulled behind Hunter's car and Hunter's car began to accelerate in an inconsistent and jerky manner. Hunter's car then quickly made a right turn. Hunter's car partially entered the left lane before correcting and pulling completely into the right lane. Hunter's vehicle continued to travel approximately 15-20 miles per hour in a 40 mile per hour speed zone. Officer Hoover then executed a traffic stop and contacted Hoover in his vehicle.

Officer Hoover smelled the strong odor of alcohol coming from the vehicle and observed Hunter's eyes were watery and droopy. Officer Hoover attempted to administer field sobriety tests (FSTs) to Hunter. Officer Hoover terminated the FSTs due to Hunter's inability to follow directions and perform the tests.

After Officer Hoover testified about Hunter's attempted FSTs, the following exchange took place,

> [STATE]: And based on your training and experience and your common understanding at that point, did you believe he was intoxicated?
> [HOOVER]: Yes.
>> [DEFENSE]: Objection, You Honor. That's a conclusion.
>> [STATE]: Proper opinion testimony.
>> [COURT]: Overruled.
>> The objection[]s -- he can state his opinion based on his training and experience. It's up to the jury as to whether they accept the opinion.
>> [STATE]: Thank you.
> [STATE]: And did you form an opinion as to his -- whether he was intoxicated or not?
> [HOOVER]: Yes.
> [STATE]: And what was what was (sic) your opinion?
> [HOOVER]: I believed he was intoxicated.
> [STATE]: Okay. Was that obvious to you?
> [HOOVER]: Yes.

II Verbatim Report of Proceedings (VRP) at 162-63.

Officer Hoover arrested Hunter and transported him to the jail. While in the patrol car, Hunter stated, "I smoke meth. I smoke crystal. I smoke crack. I smoke every drug you got." II VRP at 167. Hunter was behaving aggressively, yelling, and kicking the door during the transport. Hunter's aggressive behavior continued after he was placed in a cell in the jail. While being booked into the jail Hunter stated, "I'm not taking no alcohol, no nothing." II VRP at 168. Hunter refused the breath test.

The jury found Hunter guilty of driving while under the influence. Hunter received a standard range sentence. Hunter appeals.

ANALYSIS

Hunter argues that Officer Hoover's testimony was an improper opinion on his guilt. Opinion testimony as to the guilt of the defendant invades the exclusive province of the jury and may be reversible error because it violates the defendant's right to a trial by jury. *State v. Kirkman*, 159 Wn.2d 918, 927, 155 P.3d 125 (2007). To determine whether testimony is an improper opinion on guilt, this court considers

> "(1) the type of witness involved, (2) the specific nature of the testimony, (3) the nature of the charges, (4) the type of defense, and (5) the other evidence before the trier of fact."

*Kirkman*, 159 Wn.2d at 929 (internal quotation marks omitted) (quoting *State v. Demery*, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001)). "Testimony from a law enforcement officer regarding the veracity of another witness may be especially prejudicial because an officer's testimony often carries a special aura of reliability." *Kirkman*, 159 Wn.2d at 928. An officer may not testify that FSTs produce scientifically certain results. *State v. Quaale*, 182 Wn.2d 191, 198, 340 P.3d 213 (2014). An officer is also prohibited from predicting the "specific level of drugs present in a

suspect." *Quaale*, 182 Wn.2d at 198.  However, an officer is permitted to testify that a person was intoxicated provided that the testimony does not imply "a specific level of intoxication: that the alcohol consumed impaired the defendant, which is the legal standard for guilt." *Quaale*, 182 Wn.2d at 199.

In *Quaale*, an officer testified that he had "no doubt" that the defendant was impaired based on an FST.  182 Wn.2d at 198.  The officer also testified that the defendant was "impaired." *Quaale*, 182 Wn.2d at 199.  Our Supreme Court held that the officer's testimony was an improper opinion on defendant's guilt because the testimony cast scientific certainty on the reliability of the FST and the officer impliedly testified to the level of drugs in the defendant's system by characterizing the defendant as impaired.  *Quaale*, 182 Wn.2d at 198-99.  Here, Officer Hoover's testimony is sufficiently distinguishable from *Quaale* to be proper.

First, Officer Hoover's testimony did not cast scientific certainty on any of the attempted FSTs because Officer Hoover testified to his opinion based on the totality of his training and experience.  Second, Hoover did not testify to a certain level or effect of the suspected drugs in Hunter's system.  Because Officer Hoover testified that Hunter was intoxicated rather than impaired, Officer Hoover's testimony did not imply a certain level of drugs in Hunter's system.  Accordingly, Officer Hoover's testimony was within the bounds expressed by our Supreme Court in *Quaale*.

Officer Hoover's testimony, while an opinion, was not an opinion on the ultimate issue of guilt.  To prove driving under the influence of intoxicating liquor, the State must prove that the defendant is "under the influence of or affected by" the intoxicating liquor or any drug.  RCW 46.61.502(c).  It is not sufficient to simply prove that the defendant is intoxicated.  Because Officer

No. 49052-8-II

Hoover's testimony did not offer an opinion as to whether Hunter was under the influence or affected by alcohol or methamphetamine, his testimony was not an improper opinion on the ultimate issue of whether Hunter was guilty of driving under the influence.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

LEE, J.